# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL EDWARD JONES,<br><br>        Petitioner,<br><br>        v.<br><br>RICKEY RACKLEY,<br><br>        Respondent. | Case No. CV 16-4958-JEM<br><br>MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |

## PROCEEDINGS

On July 7, 2016, Paul Edward Jones ("Petitioner"), a prisoner in state custody, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254 ("Petition" or "Pet."). On October 4, 2016, Respondent filed an Answer. On October 31, 2016, Petitioner filed a Reply.

Pursuant to 28 U.S.C. § 636(c), both parties have consented to proceed before this Magistrate Judge. The matter is now ready for decision. For the reasons set forth below, the Court finds that the Petition should be denied.

## PRIOR PROCEEDINGS

A Los Angeles County Superior Court jury convicted Petitioner of criminal threats (Cal. Penal Code § 422(a)). (Clerk's Transcript ("CT") at 106.) The trial court found that Petitioner had a prior "strike" conviction within the meaning of California's Three Strikes Law (Cal. Penal

Code §§ 667(b)-(I), 1170.12(a)-(d), a prior serious felony conviction (Cal. Penal Code § 667(a)(1)), and had served a prior prison term (Cal. Penal Code § 667.5(b)). The trial court sentenced Petitioner to a term of nine years in state prison. (CT at 145-48.)

Petitioner appealed in the California Court of Appeal. (LD 3.) On June 9, 2015, the conviction was affirmed in an unpublished opinion. (LD 5.)

Petitioner filed a petition for review in the California Supreme Court (LD 6), which was summarily denied on August 19, 2015 (LD 7).

On September 24, 2015, Petitioner filed a habeas petition in the Los Angeles County Superior Court (LD 8), which was denied in a reasoned order on October 19, 2015 (LD 9).

On January 6, 2016, Petitioner filed a habeas petition in the California Court of Appeal (LD 10), which was summarily denied on January 19, 2016 (LD 11).

On February 26, 2016, Petitioner filed a habeas petition in the California Supreme Court (LD 12), which was summarily denied on May 11, 2016 (LD 13).

The instant Petition was filed on July 7, 2016.

## FACTUAL SUMMARY

Based on its independent review of the record and for purposes of evaluating Petitioner's claims, the Court adopts the following factual summary from the California Court of Appeal's unpublished opinion as a fair and accurate summary of the evidence presented at trial:[1]

> Appellant was convicted of murder in 1981 and paroled in 2009. He lived with his mother, Bettye Johnson, and her two grandchildren. One day in August 2013, appellant became angry. He "bumped" Johnson while she was at the refrigerator and started cursing and flailing his arms. When she asked him to stop, he got angrier. Appellant said that he would "burn the house down and hope everybody dies in the house." He then left.

---

[1] Additional relevant facts are set forth in connection with specific claims.

2

Johnson immediately called the police because she was afraid that appellant would get "physical" with her. During the 911 call, which the jury heard, Johnson said that appellant was "cussing and screaming and – and telling me he's gonna blow my head off." She asked the police dispatcher to "send somebody in a hurry" and instructed her grandson, Parker, to go back into his room. Johnson said she wanted appellant "to leave and not come back," but was concerned because "he's got [the] keys to my house."

The sheriff's deputy who responded to the call found Johnson and Parker outside and described them as "shaken up." Parker thought appellant was capable of burning down the house because of his violent behavior. Johnson told the deputy she was fearful for her safety and that of her grandchildren because appellant "was on parole for murder." Following his arrest, appellant made a series of jailhouse phone calls to dissuade his mother and Parker from testifying against him.

Appellant called Parker's sister, Kristen, as a witness. Kristin, who was at the house on the day of the incident, heard appellant arguing with Johnson, but did not hear what they were saying. She did not hear appellant make any threats.

(LD 5 at 2.)

**PETITIONER'S CLAIMS**

1. The trial court abused its discretion when it admitted evidence of Petitioner's prior murder conviction. (Ground One; Pet. at 5-8.)[2]

2. There was insufficient evidence to support Petitioner's conviction. (Ground Two; Pet. at 5, 8-9.)

3. Petitioner received ineffective assistance of appellate counsel. (Ground Three; Pet. at 5, 9-13.)

---

[2] The Court refers to the pages of the Petition as numbered by the CM/ECF system.

3

**STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the Court's consideration of Petitioner's cognizable federal claims. 28 U.S.C. § 2254(d), as amended by AEDPA, states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Clearly established federal law is "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). "A Supreme Court decision is not clearly established law under § 2254(d)(1) unless it 'squarely addresses the issue' in the case before the state court [citation omitted] or 'establishes a legal principle that "clearly extends"' to the case before the state court." Andrews v. Davis, 2017 WL 3255161, at *14 (9th Cir. Aug. 1, 2017) (quoting Wright v. Van Patten, 552 U.S. 120, 125-26 (2008), and Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2008)); see also Carey v. Musladin, 549 U.S. 70, 76-77 (2006). "[I]f a habeas court must extend a rationale before it can apply to the facts at hand, then by definition the rationale was not clearly established at the time of the state-court decision." White v. Woodall, 134 S. Ct. 1697, 1706 (2014). "Section 2254(d)(1) . . . does not require state courts to extend [Supreme Court] precedent or license federal courts to treat the failure to do so as error." Id. "A principle is clearly established law governing the case 'if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that

there could be no fairminded disagreement on the question.'" Andrews, 2017 WL 3255161, at *14 (quoting White, 134 S. Ct. at 1706-07).

A federal habeas court may grant relief under the "contrary to" clause if the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-406 (2000). "The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle . . . but unreasonably applies it to the facts of a particular case." Bell v. Cone, 535 U.S. 685, 694 (2002). The "unreasonable application" clause requires that the state court decision be more than "incorrect or erroneous." Andrews, 2017 WL 3255161, at *14. "The pivotal question is whether the state court's application of [the law] was unreasonable." Harrington v. Richter, 562 U.S. 86, 101 (2011).

A state court need not cite Supreme Court precedent when resolving a habeas corpus claim. See Early v. Packer, 537 U.S. 3, 8 (2002). "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" the state court decision will not be "contrary to" clearly established federal law. Id.

A state court's factual determination is not unreasonable "merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, 301 (2010). Rather, § 2254(d)(2) requires federal habeas courts to "accord the state trial court substantial deference." Brumfield v. Cain, 135 S. Ct. 2269, 2277 (2015). Where "'[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial court's . . . determination.'" Wood, 558 U.S. at 301 (quoting Rice v. Collins, 546 U.S. 333, 341-42 (2006)). However, "[e]ven in the context of federal habeas, deference does not imply abandonment or abdication of judicial review," and "does not by definition preclude relief." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

In deciding a habeas petition, a federal court is not called upon to decide whether it agrees with the state court's determination. Rather, § 2254(d) "sets forth a 'highly deferential standard . . . , which demands that state-court decisions be given the benefit of the doubt.'" Andrews, 2017 WL 3255161, at *14 (quoting Cullen v. Pinholster, 563 U.S. 170, 181 (2011)). While not a complete bar on the relitigation of claims already rejected in state court proceedings, § 2254(d) merely "'preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court precedent]' and 'goes no further.'" Andrews, 2017 WL 3255161, at *14 (quoting Harrington, 562 U.S. at 102). "[E]ven a strong case for relief does not mean that the state court's contrary conclusion was unreasonable." Harrington, 562 U.S. at 102.

The federal habeas court "looks through" a state court's silent decision to the last reasoned decision of a lower state court, and applies the AEDPA standard to that decision. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding the judgment or rejecting the same claim rest upon the same ground.").

Here, Petitioner's claims in Grounds One and Two were rejected by the California Court of Appeal in a reasoned opinion on direct appeal (LD 5), which was followed by a silent denial of discretionary review by the California Supreme Court (LD 7). Thus, the Court looks through the California Supreme Court's silent denial to the California Court of Appeal's reasoned decision and applies the AEDPA standard to that decision. See Ylst, 501 U.S. at 803.

Petitioner's claim in Ground Three was presented in a habeas petition to the Los Angeles County Superior Court (LD 8), which was denied in a reasoned order (LD 9). The California Court of Appeal and California Supreme Court summarily denied this claim. (LDs 10-13.) Thus, the Court looks through these silent denials to the Los Angeles County Superior Court's reasoned order and applies the AEDPA standard to that decision. See id.

## DISCUSSION

**I. Ground One Does Not Warrant Federal Habeas Relief**

In Ground One, Petitioner contends that the trial court abused its discretion when it admitted evidence of his prior murder conviction. (Pet. at 5-8.) This claim is without merit.

**A. Relevant State Court Proceedings**

Petitioner was charged with making criminal threats under Cal. Penal Code § 422(a). The prosecution was required to prove the following elements:

> (1) that the defendant "willfully threaten[ed] to commit a crime which will result in death or great bodily injury to another person," (2) that the defendant made the threat "with the specific intent that the statement . . . is to be taken as a threat, even if there is no intent of actually carrying it out," (3) that the threat – which may be "made verbally, in writing, or by means of an electronic communication device" – was "on its face and under the circumstances in which it [was] made, . . . so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat," (4) that the threat actually caused the person threatened "to be in sustained fear for his or her own safety or for his or her immediate family's safety," and (5) that the threatened person's fear was "reasonabl[e]" under the circumstances.

People v. Toledo, 26 Cal.4th 221, 227-28 (2001).[3]

At trial, Johnson testified that she was afraid of Petitioner on the day he threatened her because she knew he had previously been in prison for murder. (2 Reporter's

---

[3] California Penal Code § 422(a) states:

> Any person who willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement, made verbally, in writing, or by means of an electronic communication device, is to be taken as a threat, even if there is no intent of actually carrying it out, which, on its face and under the circumstances in which it is made, is so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat, and thereby causes that person reasonably to be in sustained fear for his or her own safety or for his or her immediate family's safety, shall be punished by imprisonment in the county jail not to exceed one year, or by imprisonment in the state prison.

7

Transcript ("RT") at 640-41; see also 2 RT at 691.) Prior to Johnson's testimony, the trial court ruled that evidence Petitioner had been convicted of murder was admissible pursuant to People v. Garrett, 30 Cal. App. 4th 962 (1994). (2 RT at 629.) Garrett was a criminal threats case in which the defendant threatened to "put a bullet" in his wife's head. The court held that evidence the wife knew the defendant had killed a man with a gun in the past, and that the defendant was aware she knew, was "extremely relevant and probative" to establish that the defendant's statement was to be taken as a threat, the victim was in sustained fear, and the nature of the statement was such as to convey an immediate prospect of execution of the threat and render the victim's fear reasonable. Id. at 967.

In his direct appeal, Petitioner argued that the trial court abused its discretion in admitting evidence of his prior murder conviction. (LD 3 at 10-21.) The California Court of Appeal rejected this claim, finding that Johnson's knowledge of Petitioner's prior murder conviction "was highly probative on each element of the charge of making a criminal threat: Defendant's specific intent that Johnson construe his words as a threat; whether she was in sustained fear as a result of that threat; and, whether that fear was reasonable." (LD 5 at 5.) The court determined that the evidence was not unduly prejudicial under California Evidence Code § 352.[4] (Id.) It rejected Petitioner's argument that the murder conviction lacked probative value because it occurred in 1981 and was too remote because Petitioner was incarcerated for twenty-eight years and made the threat four years after his release. (Id.) The court found that the prior conviction was not "so remote as to warrant its exclusion" because Petitioner "was incarcerated for the majority of time between offenses." (Id. (internal quotations and citation omitted).) It also rejected Petitioner's argument that the murder and threat were not sufficiently similar to justify admission of the prior conviction. (Id.)

---

[4] California Evidence Code § 352 states:

> The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury.

8

**B.     Applicable Federal Law**

Federal habeas relief is available only for violations of the Constitution, law, or treaties of the United States and does not lie for errors of state law. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle v. Isaac, 456 U.S. 107, 119 (1982). A state evidentiary ruling does not give rise to a cognizable federal habeas claim unless the ruling violated a petitioner's due process right to a fair trial. Estelle, 502 U.S. at 67; see also Holley v. Yarborough, 568 F.3d 1091, 1101 (9th Cir. 2009) ("The admission of evidence does not provide a basis for habeas relief unless it rendered the trial fundamentally unfair in violation of due process."). Thus, a petitioner may not challenge an evidentiary ruling on the ground that it violated the state's evidence code. Jammal v. Van de Kamp, 926 F.2d 918, 919-20 (9th Cir. 1991). The failure to comply with a state's rules of evidence is neither a necessary nor sufficient basis for granting federal habeas relief, and the presence or absence of a state law violation is irrelevant. Id.

**C.     Analysis**

To the extent that Petitioner is contending that the admission of evidence regarding his prior murder conviction violated California Evidence Code §§ 352 and 1101, his claim is not cognizable on federal habeas review. The Supreme Court has "long recognized that a mere error of state law is not a denial of due process." Swarthout v. Cooke, 562 U.S. 216, 222 (2011) (internal quotation marks omitted).

Moreover, Petitioner has not established that the California Court of Appeal's decision rejecting this claim was contrary to or an unreasonable application of clearly established Supreme Court law. The erroneous admission of evidence at trial may violate due process if "the evidence so fatally infected the proceedings as to render them fundamentally unfair." Jammal, 926 F.2d at 919; accord Gonzalez v. Knowles, 515 F.3d 1006, 1011 (9th Cir. 2008). However, "[t]he Supreme Court has made very few rulings regarding the admission of evidence as a violation of due process." Holley, 568 F.3d at 1101. Indeed, while habeas courts should issue a writ "when constitutional errors have

rendered the trial fundamentally unfair," the Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." Id. (citation omitted).

Here, the admission of evidence regarding Petitioner's prior murder conviction did not violate due process. The jury could have drawn several permissible inferences from this evidence, including that Petitioner specifically intended Johnson to construe his words as a threat, that Johnson was in sustained fear as a result of the threat, and that Johnson's fear was reasonable. The evidence was clearly relevant and did not prevent a fair trial in light of the other evidence presented and the offense charged.

Moreover, the alleged error did not have a substantial and injurious effect or influence in determining the jury's verdict. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); see also Fry v. Pliler, 551 U.S. 112, 121-22 (2007). There was substantial evidence of Petitioner's guilt even without the evidence regarding his prior murder conviction. Johnson testified that on the day of the incident Petitioner was angry and bumped her. (2 RT at 636.) He started cursing and Johnson told him to stop, which made him angrier. (2 RT at 638.) Petitioner was "flinging his arms around" and said he would "burn the house down and hope everybody dies in the house." (2 RT at 660, 675.) Johnson feared for her safety and the safety of her grandchildren. She was afraid that Petitioner would get "physical" with her. (2 RT at 638, 692.) Johnson immediately called the police. During the 911 call, she said that Petitioner was cussing and screaming and said he was going to "blow my head off." She said, "I'm nervous" and asked the dispatcher to "send somebody in a hurry." (CT at 50.)

When Deputy Basurto arrived at the scene, she found Johnson and Parker outside the home, both looking "shaken up." (2 RT at 689-90.) They told Deputy Basurto that they were afraid. (2 RT at 698.) Parker looked like he wanted to cry and told Deputy Basurto that he believed Petitioner was capable of carrying out the threat because of his violent behavior. (2RT at 690, 693.) After his arrest, Petitioner made several phone calls to

dissuade Johnson and Parker from testifying against him (CT at 53-57), which showed his consciousness of guilt. Given this compelling evidence of guilt, any error in admitting the evidence of the prior murder conviction was harmless.

Thus, Petitioner is not entitled to habeas relief on Ground One.

## II. **Ground Two Does Not Warrant Federal Habeas Relief**

In Ground Two, Petitioner contends that there was insufficient evidence to support his conviction. (Pet. at 5, 8-9.) This claim is without merit.

### A. **Relevant State Court Proceedings**

The California Court of Appeal rejected Ground Two as follows:

> Appellant argues the evidence was insufficient to prove he violated section 422 because the threat to burn down the house was not "so unequivocal, unconditional, immediate, and specific [that it] convey[ed] . . . a gravity of purpose and an immediate prospect of execution of the threat," so as to cause Johnson "reasonably to be in sustained fear for . . . her own safety or for . . . her immediate family's safety." (§ 422, subd. (a).) He contends the statement was merely an emotional outburst during an argument with his mother rather than a serious death threat.
>
> In reviewing an insufficient evidence claim, we consider the entire record in the light most favorable to the judgment to determine whether it discloses substantial evidence such that a reasonable jury could find the defendant guilty beyond a reasonable doubt. (People v. Elliot (2005) 37 Cal.4th 453, 466.) We presume the existence of every fact supporting the judgment that the jury reasonably could deduce from the evidence, and a judgment will be reversed only if there is no substantial evidence to support the verdict under any hypothesis. (People v. Bolin (1998) 18 Cal.4th 297, 331; People v. Quintero (2006) 135 Cal. App. 4th 1152, 1162.) On review, we may not substitute our judgment for that of the jury, reweigh

the evidence, or reevaluate the credibility of witnesses. (People v. Ochoa (1993) 6 Cal.4th 1199, 1206.)

For purposes of section 422, the nature of a threat must be determined by reviewing the circumstances under which it is made. (People v. Butler (2000) 85 Cal. App. 4th 745, 753 [ambiguous statement may be criminal threat under certain circumstances].) In other words, threats are judged by their context. (People v. Bolin, supra, 18 Cal.4th at pp. 339-340.) Appellant compares this case to In re Ricky T. (2001) 87 Cal. App. 4th 1132, 1135-1136, 1138 (Ricky T.), in which the statements, "'I'm going to get you'" and "'I'm going to kick your ass,'" were held not to be criminal threats because they were neither unequivocal nor immediate. We reject the comparison.

The juvenile in Ricky T. made the allegedly threatening statements when the victim, a teacher, accidentally hit him while opening a door. (Ricky T., supra, 87 Cal. App. 4th at p.1137.) There was no evidence of a show of physical force by the juvenile, nor any attempt to use force against the victim. (Id. at p.1138.) The incident also was not reported to the police until the next day. (Ibid.)

Here, the evidence of conduct both before and after appellant's threat reasonably justifies the jury's conclusion that it caused objectively reasonable fear for more than a "momentary, fleeting, or transitory" period of time. (People v. Allen, supra, 33 Cal. App. 4th at p.1156.) His threat to burn down the house with everyone in it, including Johnson and her grandchildren, was not an "angry adolescent's utterance[ ]" made in "emotional response to an accident" between a student and teacher. (Ricky T., supra, 87 Cal. App. 4th at p.1141.) It was an utterance to a close relative by a man she knew was on parole for murder and who was behaving erratically. Not only did Johnson immediately dial 911, but she also asked the dispatcher to "send somebody in a hurry." She said, "My son's going crazy," and

reported that he was cursing, waving his arms and "throwing stuff." She expressed concern that he had the key to her house, saying, "I don't want him to have it."

The responding sheriff's deputy described both Johnson and Parker as "shaken up." Parker believed appellant was capable of burning down the house because of the way he was acting, and Johnson was afraid because appellant "was on parole for murder." Appellant asserts that since he was about to go to work, the machinations of burning down a house rendered his threat fleeting and fantastical, regardless of its offensive nature. Even if such an inference were plausible, it is the function of the jury, not the appellate court, to evaluate the evidence and make reasonable inferences. (See People v. Ochoa, supra, 6 Cal.4th at p.1206.) The jury could reasonably believe based on the evidence presented, particularly Johnson's knowledge of the prior murder conviction and her reaction to the threat, that it was far more serious than an emotional outburst.

(LD 5 at 7-8.)

**B. Applicable Federal Law**

The Due Process Clause of the Fourteenth Amendment guarantees that a criminal defendant may be convicted only "upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. at 364. A habeas petitioner challenging the sufficiency of the evidence to support his or her state criminal conviction may obtain relief only if "it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979).

A federal court collaterally reviewing a state court conviction does not determine whether *it* is satisfied that the evidence established guilt beyond a reasonable doubt. Payne v. Borg, 982 F.2d 335, 338 (9th Cir. 1992). Rather, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

Jackson, 443 U.S. at 319 (emphasis in original); see also Wright v. West, 505 U.S. 277, 296-97 (1992) (plurality opinion). The Jackson standard "looks to whether there is sufficient evidence which, if credited, could support the conviction." Schlup v. Delo, 513 U.S. 298, 330 (1995).

The jury resolves conflicts in testimony, weighs the evidence, and draws inferences from basic facts. Jackson, 443 U.S. at 319. "[U]nder Jackson, the assessment of the credibility of witnesses is generally beyond the scope of review." Schlup, 513 U.S. at 330; Walters v. Maass, 45 F.3d 1355, 1358 (9th Cir. 1995) (reviewing court must respect the exclusive province of the trier of fact to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts). A federal habeas court faced with a record supporting conflicting inferences "must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Jackson, 443 U.S. at 326; see also West, 505 U.S. at 296-97. "Circumstantial evidence and reasonable inferences drawn from it may be sufficient to sustain a conviction." United States v. Jackson, 72 F.3d 1370, 1381 (9th Cir. 1995).

Although sufficiency of the evidence review is grounded in the Fourteenth Amendment, the federal court must refer to the substantive elements of the criminal offense as defined by state law, and must look to state law to determine what evidence is necessary to convict on the crime charged. See Jackson, 443 U.S. at 324 n.16; Juan H. v. Allen, 408 F.3d 1262, 1275 (9th Cir. 2005).

**C.   Analysis**

As set forth more fully in Section I.A. above, the prosecution was required to prove five elements to establish Petitioner's guilt under California Penal Code § 422: (1) Petitioner willfully threatened to commit a crime which would result in death or great bodily injury to another person; (2) Petitioner made the threat with the specific intent that it would be taken as a threat; (3) the threat was unequivocal, unconditional, immediate, and specific as to

convey a gravity of purpose and an immediate prospect of execution of the threat; (4) the threat actually caused the victim to be in sustained fear of her own safety or the safety of her immediate family; and (5) the victim's fear was reasonable under the circumstances. See Toledo, 26 Cal.4th at 227-28.

The California Court of Appeal reasonably rejected Petitioner's challenge to the sufficiency of the evidence that his threat was serious and genuine. As discussed above, Johnson testified that Petitioner was angry, cursing, and "flinging his arms around" when he said he would "burn the house down and hope[d] everybody die[d] in the house." (2 RT at 636, 638, 660, 675.) Johnson feared for her safety and the safety of her grandchildren, and was afraid that Petitioner would "get physical" with her. (2 RT at 638, 692.) She immediately called the police. She said during her 911 call that Petitioner was cussing and screaming and told her he was going to "blow my head off." She told the dispatcher, "I'm so nervous," and "send somebody in a hurry." (CT at 50.) When the police arrived, Johnson and Parker both looked "shaken up" and said they were afraid. (2 RT at 689-90.) Johnson was afraid because she knew Petitioner had been in prison for murder. (2 RT at 640-41,691.) In light of this evidence, a rational jury could have concluded that Petitioner's threat was serious, genuine, and constituted a criminal threat within the meaning of § 422(a).

Accordingly, Petitioner is not entitled to habeas relief on Ground Two.

## III. Petitioner Is Not Entitled to Habeas Relief on Ground Three

In Ground Three, Petitioner contends that he received ineffective assistance of appellate counsel. (Pet. at 5, 9-13.) This claim is without merit.

### A. Relevant State Court Proceedings

Prior to sentencing, the prosecutor introduced certified records from the California Department of Corrections and Rehabilitation (a "969(b) packet") that showed Petitioner pleaded guilty to second degree murder in 1981. (CT at 128-35.) Based on those records, the trial court found that Petitioner suffered a prior conviction for murder, which constituted

a "strike" within the meaning of California's Three Strikes Law (Cal. Penal Code §§ 667(b)-(i), 1170.12(a)-(d)) and a prior serious felony conviction (Cal. Penal Code § 667(a)(1)), and had served a prior prison term (Cal. Penal Code § 667.5(b)). (2RT at 1501-02.) The trial court enhanced Petitioner's sentence based on the prior conviction. (2RT at 1510.)

Petitioner contends that appellate counsel rendered ineffective assistance because he did not argue that trial counsel was ineffective for not objecting to use of the prior conviction to enhance his sentence. Petitioner contends that trial counsel should have objected on the ground that the records introduced by the prosecutor to prove the prior conviction did not establish that Petitioner was advised of his Boykin-Tahl[5] rights before he entered his plea, that his plea was knowing, intelligent, and voluntary, and that he was represented by counsel at the time of the plea. (Pet. at 9-13.)

Petitioner raised this same claim in his habeas corpus petition in the Los Angeles County Superior Court. (LD 8.) The superior court rejected the petition on several grounds, including the following:

> As to the claim of ineffective assistance of appellate counsel, during Petitioner's first appeal of right, Petitioner has failed to show that appellate counsel's exercise of professional judgment was deficient or that, but for counsel's errors, the outcome of the appeal would have been different. Appellate counsel is not required to raise every non-frivolous issue and Petitioner alleges no more than a failure to raise issues.

(LD 9 at 2-3 (citing Smith v. Robbins, 528 U.S. 259, 288 (2000), and Jones v. Barnes, 463 U.S. 745, 750-52 (1983)).)

**B.     Applicable Federal Law**

The Sixth Amendment right to effective assistance of counsel encompasses the right to effective assistance of appellate counsel on a first appeal as of right. Evitts v. Lucey, 469 U.S. 387, 396 (1985). The analytical framework of Strickland governs: the petitioner must

---

[5] Boykin v. Alabama, 395 U.S. 238 (1969); In re Tahl, 1 Cal.3d 122 (1969).

show that appellate counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's failure to raise the issue, the petitioner would have prevailed on appeal. Cockett v. Ray, 333 F.3d 938, 944 (9th Cir. 2003); Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989); see also Strickland, 466 U.S. at 687, 694. "[A]ppellate counsel's failure to raise issues on direct appeal does not constitute ineffective assistance when appeal would not have provided grounds for reversal." Wildman, 261 F.3d at 840. The Ninth Circuit has explained:

> In many instances, appellate counsel will fail to raise an issue because she foresees little or no likelihood of success on that issue; indeed, the weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy. . . . For these reasons, a lawyer who throws in every arguable point – 'just in case' – is likely to serve her client less effectively than one who concentrates solely on the strong arguments. Appellate counsel will therefore frequently remain above an objective standard of competence (prong one) and have caused her client no prejudice (prong two) for the same reason –- because she declined to raise a weak issue.

Miller, 882 F.2d at 1434 (footnote omitted).

**C.     Analysis**

The superior court reasonably rejected Petitioner's claim of ineffective assistance of appellate counsel. Appellate counsel was not ineffective for failing to raise the claim of ineffective assistance of trial counsel because such a claim generally should not be raised on appeal under California law. People v. Lucero, 23 Cal.4th 692, 728-29 (2000). Moreover, the claim that trial counsel was ineffective is meritless. Under California law, the prosecutor bears the burden of proving beyond a reasonable doubt that the defendant suffered a prior conviction. It is the defendant who bears the burden to prove that a presumptively valid prior conviction is constitutionally invalid, for example, because the guilty plea in the prior proceeding was obtained in violation of his constitutional rights. See

People v. Allen, 21 Cal.4th 424, 435-36 (1999); Curl v. Superior Court, 51 Cal.3d 1292, 1303 (1990).

Here, the prosecutor only was required to prove that Petitioner suffered a prior conviction. The prosecutor was not required to prove that the plea in Petitioner's prior murder case was constitutionally valid. Thus, there was no valid basis for trial counsel to object that the prosecutor did not prove the plea's constitutional validity. To the extent that Petitioner is claiming trial counsel should have challenged the validity of the prior conviction, the claim fails because Petitioner has presented no evidence that the it actually was invalid. Thus, he has made no showing that such a challenge would have been successful.

Petitioner has failed to show that trial counsel's performance was deficient or that Petitioner suffered prejudice. Thus, his claim that appellate counsel was ineffective for failing to argue that trial counsel was ineffective also fails. See Turner v. Calderon, 281 F.3d 851, 872 (9th Cir. 2002) (rejecting claim of ineffective assistance of appellate counsel for failure to raise a meritless claim of ineffective assistance of trial counsel).

Accordingly, Petitioner is not entitled to habeas relief on Ground Three.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." For the reasons stated herein, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2). Thus, a certificate of appealability should be denied.

///
///
///
///
///

**ORDER**

For the reason set forth above, IT IS ORDERED: (1) that the Petition is denied; (2) the certificate of appealability is denied; and (3) Judgment shall be entered dismissing this action with prejudice.

DATED: August 3, 2017

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE